ROLLINS, *Appellant, v.* ROBINSON, *Ex'r, Appellee.*

When the trustee, in a process of foreign attachment, dies pending the suit, and his estate is represented insolvent, the plaintiff, in virtue of the lien acquired by the trustee process, is entitled to present the claim in favor of the principal defendant, on account of which the trustee is summoned, to the commissioner of insolvency for allowance, and to appeal from the decision of the commissioner disallowing the claim, notwithstanding the principal defendant has

presented the claim and taken an appeal. If more than one appeal be entered at the trial term, the several entries will be consolidated upon the docket, and each party appealing will have the right to try the question against the administrator, under the rules of law upon the evidence applicable to his particular case.

APPEAL from the report of the commissioner of insolvency upon the estate of Jere. L. Robinson, disallowing a claim against said estate.

Prior to the death of said Robinson, one Joseph N. Clark sued out a writ of attachment against John Rollins, the appellant, as principal defendant, and said Robinson as his trustee, and, by virtue of the writ and the proceedings under it, Clark claims the right to take an appeal in the name of Rollins, from the report of the commissioner disallowing the claim on account of which Robinson was summoned as trustee. The trustee writ, having been duly served upon the principal defendant and trustee, was entered in court and is still pending. The claim on account of which the trustee was summoned was presented to the commissioner by said Rollins, and also by said Clark in the name of Rollins, and each claimed an appeal from the decision of the commissioner. Both of said appeals were entered at the next trial term of this court, and are now pending therein. The executrix of said Robinson moves that the appeal entered by said Clark be dismissed.

*Wood*, for the appellant.

*Stickney*, for the appellee.

SAWYER, J. In *Chapman* v. *Gale*, 32 N. H. 141, this court had occasion to consider the course of proceedings, where, pending the trustee suit, the trustee dies and his estate is represented insolvent. It was there held, that by reason of these events the action is not abated, but the administrator may be summoned in, and the case still proceed; but ordinarily the cause will be continued from term to term until the claim is presented to the

Rollins v. Robinson.

commissioner, and allowed or rejected, so as to enable the administrator to disclose the amount in his hands, for which the estate under his administration is to be held chargeable as trustee. If the claim is not so presented it is barred, and the trustee suit must fail.   It is clearly not the duty of the administrator to present the claims against the estate, and if it is barred without any fault on his part, he must be discharged.   The principal debtor owes no duty to his creditor to present the claim, and he may have no interest to present it.   The creditor has no course to protect himself but to present the claim.   This he has the right to do, setting out the pendency of his suit as the basis of his right so to present it; and this is to be done by him without regard to the fact that the principal defendant has also presented the same claim.   And it is the duty of the commissioner to state the fact that the claim is presented by both, and that the amount by him allowed is due to the principal, subject to the claim of the trusteeing creditor.   If the case be such as to require it, it is also his duty to state the amount allowed, if the estate is not charged in the trustee suit, and the amount so due, if the estate is adjudged chargeable.   This may be necessary where, by reason of payments made pending the suit, the indebtedness, as between the principal and the trustee, may be reduced or wholly discharged, while the liability under the trustee process may not be affected by them.   The report of the commissioner being made and accepted, and a dividend decreed, the administrator can then disclose the amount in his hands in the court above, and the case there proceeds to judgment.

It follows of course, on general principles, that the party who has the right to prosecute a claim before the commissioner, has the right to take an appeal from his decision, if he is aggrieved thereby.   In terms, the statute limits the right of appeal to the creditor.   "Any creditor, dissatisfied with the commissioner's decision upon any claim by him exhibited, may appeal," &c. Rev. Stat., ch. 163, sec. 1.   But we think a reasonable construction of the statute must be held to give the same right to any person who, by reason of an equitable interest in the claim, as,

for example, an assignee, or of any legal interest which entitles him to present it to the commissioner, would be otherwise barred of his right by any neglect to enter the appeal, or to prosecute it properly.

We have no direct decision upon this point, but the course of decisions in the case of appeals from decrees of the probate court gives support to this construction. *Clark* v. *Courser*, 29 N. H. 170, (9 Foster) and cases cited. The trusteeing creditor stands in a position closely analogous to an assignee of a chose in action, not assignable at law — equitably entitled to use the name of his assignor in any proceeding required for the protection of his rights.

Having the right to appeal, the creditor has the right to file his notice of appeal and declaration, to give the required bond, publish notice, and enter his appeal in the court above. All this is necessary for his protection. The principal debtor, who is often disposed rather to defeat than aid him, may fail to do any of these things, or by accident or otherwise may do them in so imperfect a manner as to defeat the recovery of the claim. All these things he must have the right to do without reference to what may be done by others; for he has no means of knowing what they do or design to do, nor how or when they may do it, until it may be too late for his knowledge to be useful.

Besides the nominal creditor, there may be one or more assignees, and one or more trusteeing creditors, all of whom may separately appeal. The clerk of the court has no means of knowing more of the cases as they are entered than merely the names of the parties furnished to him by the party entering them. He, therefore, must enter the appeals upon his docket as he receives them. As, however, these several appeals, though separately made, are in most cases and for most purposes but a single appeal, it then becomes a question, how are they to be disposed of; and the court, on motion of any of the parties, will order the several entries to be consolidated, so that the docket may show but a single appeal, though prosecuted by several distinct and perhaps conflicting parties. The case would then stand

in very close analogy to the action in the name of the judge of probate upon a probate bond, where the several persons whose names are indorsed upon the writ, agreeably to the statute, (Rev. Stat., ch. 169, secs. 4 and 11,) are the real plaintiffs, severally prosecuting on their own separate accounts. Their interests may be conflicting, and the breach assigned by one may not be relied on by another; and we apprehend the court would allow the declaration to be amended, upon application by any party interested, by assigning such breaches as he might deem material.

So in the case of these appeals, the court will direct the pleadings to be so framed as to raise issues upon each distinct count, and upon the trial of those issues the party prosecuting the appeal under the several issues would have the right to avail himself of the evidence peculiar to his position, as trusteeing creditor, or otherwise. In the cases supposed by the counsel, where a creditor might be entitled to the testimony of the principal debtor, if such a case should arise, we think there are abundant analogies to justify the court in awarding separate trials whenever it would be necessary in order to do justice to the parties. Such are the cases of issues joined to the jury and to the record.

The court, beyond doubt, have the power so to mould their proceedings as to meet the necessities of the case, and thus secure substantial justice to the parties.

The motion to dismiss the appeal entered by Clark in the name of Rollins

*Must be denied.*